UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-60176-WPD/LSS

CAROL DUNNING,

    Plaintiff,

vs.

MXR IMAGING, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff Carol Dunning ("Dunning"), by and through her undersigned counsel, hereby sues MXR Imaging, Inc. ("MXR"), and alleges as follows:

### JURISDICTION AND VENUE

1. This Action is brought to remedy violations of the Age Discrimination in Employment Act, as amended 29 U.S.C. § 621 et. Seq. ("ADEA"), and the Florida Civil Rights Act of 1991, as amended, Fla. Stat. Chapter 760 et. seq. ("Florida Civil Rights Act") and for promissory estoppel.

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Dunning's claims.

3. The Court may exercise supplemental jurisdiction over Dunning's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claim within the Court's original jurisdiction that it forms part of the same case or controversy.

4. Dunning satisfied all conditions precedent to filing suit.

5. Dunning timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue, and timely filed suit.

1

6. Pursuant to 28 U.S.C. § 1391(b), venue lies in Broward County because a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

7. Dunning is part of a protected class in that she is above the age of 40.

8. MXR is a Foreign Profit Corporation with its principal place of business in San Diego, California that regularly conducts business in the State of Florida and maintains offices and employees in the State of Florida.

9. MXR is a "person" and an "employer" within the meaning of Title VII, the ADEA, the EPA, and the Florida Civil Rights Act.

10. At all times material hereto, MXR employed at least 15 employees.

## GENERAL ALLEGATIONS

11. At all times material hereto, Dunning was employed by MXR.

12. Dunning worked for MXR as the Director of Finance for the lease and service contract department after MXR's acquisition of Oxford Instruments Healthcare.

13. Dunning played a leading role in facilitating the due diligence during the acquisition, the "true up" of final numbers to finalize the deal after acquisition, and the merging of MXR's service division into Oxford's service division.

14. During the acquisition, Dunning worked more than 70 hours a week for months to ease tensions between the parties and confirm the relevant figures, and she continued to work these hours to resolve various disputes between the parties after the deal closed.

15. In August 2020, MXR again relied on Dunning during its integration with Consensys, an existing MXR-owned business.

16. Dunning also devoted more than 70 hours a week during the integration with Consensys.

17. During the integration, Dunning was asked if she was comfortable with the accountant in charge of Consensys, Ms. Irina Kettler ("Kettler"), moving to MXR's newly expanded service division.

18. MXR assured Dunning that she would remain the only director of the division and that she was not training her replacement.

19. Kettler moved to MXR's newly expanded service division.

20. On multiple occasions, Kettler asked Dunning for guidance on high-level functions and processes.

21. Dunning was excluded from certain strategic and planning meetings in favor of Kettler.

22. Under normal circumstances, Dunning would have attended these meetings.

23. Unbeknownst to Dunning, MXR had planned to fire Dunning and replace her with Kettler as of August 2020 or sometime shortly thereafter.

24. On February 5, 2021, once MXR was confident that Dunning had adequately trained Kettler, MXR terminated Dunning.

25. Although Dunning was terminated under the guise of a reduction in workforce, the position was not eliminated and Kettler replaced her.

26. Upon information and belief, Kettler is under the age of 40.

**COUNT I – AGE DISCRIMINATION PURSUANT TO THE ADEA**

Dunning re-alleges paragraphs 1-26 as though fully set forth herein.

27. This count is brought pursuant to the ADEA.

28. MXR discriminated against Dunning by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her age.

29. At all times material to this count, Dunning was qualified for her position.

30. Dunning was replaced by Kettler, who is significantly younger than her.

31. Any proffered reason for Dunning's termination was pretextual.

32. Alternatively, sufficient circumstantial evidence exists to create a convincing mosaic of discriminatory intent.

33. Alternatively, statistical evidence indicates that the employer singled out Dunning and other women over the age of 40 during the reduction in workforce.

34. MXR was responsible for such unlawful actions under a theory of vicarious or direct liability.

35. Dunning has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions, complained of herein.

36. MXR acted with malice or with reckless disregard for Dunning's rights.

**WHEREFORE** Plaintiff Carol Dunning respectfully requests that the Court enter a judgment decreeing that Defendant MXR Imaging, Inc., violated the ADEA and awarding back pay, front pay, benefits, compensatory damages, special damages, punitive damages, attorney's fees, costs, interest, and any additional relief deemed appropriate.

## COUNT II – AGE DISCRIMINATION PURSUANT TO FLA. STAT. § 760.10

Dunning re-alleges paragraphs 1-26 as though fully set forth herein.

37. This count is brought pursuant to Fla. Stat. § 760.10.

38. MXR discriminated against Dunning by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her age.

39. At all times material to this count, Dunning was qualified for her position.

40. Dunning was replaced by Kettler, who is significantly younger than she is.

41. Alternatively, sufficient circumstantial evidence exists to create a convincing mosaic of discriminatory intent.

42. Alternatively, statistical evidence indicates that the employer singled out Dunning and other women over the age of 40 during the reduction in workforce.

43. MXR was responsible for such unlawful actions under a theory of vicarious or direct liability.

44. Dunning has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions, complained of herein.

45. MXR acted with malice or with reckless disregard for Dunning's rights.

**WHEREFORE**, Plaintiff Carol Dunning respectfully requests that the Court enter a judgment decreeing that Defendant MXR Imaging, Inc. violated the Florida Civil Rights Act, and awarding all available compensatory, economic, special damages, and punitive damages, attorney's fees, costs, interest, and any additional relief deemed appropriate.

## COUNT III – PROMISSORY ESTOPPEL

Dunning re-alleges paragraphs 1-26 as though fully set forth herein.

46. Prior to the merger with Oxford Instruments, MXR told Dunning, in no uncertain terms, that it would honor any agreement she had with Oxford Instruments regarding vacation and sick time.

47. Specifically, Bernard Amato, the CFO of MXR, told Dunning that MXR would honor her agreement with Oxford Instruments.

48. MXR made these representations to induce Dunning to stay employed with MXR.

49. Dunning relied on this representation when she agreed to stay on at MXR and did not seek other employment because of this representation.

50. Dunning's agreement with Oxford Instruments entitled Dunning to twenty-two (22) total days of vacation and sick time, and so Dunning rightfully expected to be paid for twenty-two (22) days upon termination.

51. Dunning reasonably relied on MXR's representations to her detriment.

52. Although MXR paid Dunning for fifteen (15) days, it still owes her seven (7) days of paid time off valued at $2,838.46.

53. The damages sought under this Count are wages under Florida law.

**WHEREFORE**, Plaintiff Carol Dunning respectfully requests that the Court enter a judgment awarding damages, attorney's fees pursuant to Fla. Stat. § 448.08, costs, interest, and any additional relief deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff Carol Dunning hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@ramhofergarcia.com
RAMHOFER | GARCIA
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341

*Attorneys for Plaintiff Carol Dunning*